UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ROBERT P. GOODRICH, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 03-12541-NG |
| TIM HALL, | ) |
| Respondent. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases, the respondent, Tim Hall, through counsel, answers the numbered paragraphs of the petition for a writ of habeas corpus as follows:

1.    Denied.  The respondent answers that the name and location of the court which entered the judgment of conviction under attack is the Middlesex County Superior Court, 40 Thorndike Street, Cambridge, Massachusetts 02141.

2.    Denied.  Further answering, the respondent states that the date of the judgment of conviction is January 26, 2001.

3.    Admitted.

4.    Denied.  Further answering, the respondent states that the petitioner was charged with, and convicted of, assault and battery by means of a dangerous weapon.  The petitioner was also indicted on the charge of being a habitual criminal subject to the provisions of G.L. c. 279, § 25.  At the conclusion of the petitioner's trial, the Commonwealth entered a nolle prosequi on the

indictment charging the petitioner as a habitual criminal.

     5.     Admitted.

     6.     Admitted.

     7.     Left blank by the petitioner.

     8.     Admitted.

     9(a-b). Admitted.

     9(c).     The respondent admits that the date of the Appeals Court's decision in connection with this matter was December 5, 2002. Further answering, the respondent states that the citation to the Appeals Court's decision is *Commonwealth v. Robert P. Goodrich*, 56 Mass. App. Ct. 1113 (2002)(table).

     9(d).     Denied.

     9(e)(1). Admitted.

     9(e)(2). The respondent admits that the Massachusetts Supreme Judicial Court denied the petitioner's application for leave for further appellate review. To the extent that paragraph 9(e)(2) states any further allegations of fact, the respondent denies same.

     9(e)(3). Denied. Further answering, the respondent states that the date of the Massachusetts Supreme Judicial Court's decision in connection with this matter was January 22, 2003. The citation to the decision is *Commonwealth v. Robert P. Goodrich*, 438 Mass. 1107 (2003)(table).

     9(e)(4).     The respondent admits that the grounds raised by the petitioner in his application to the Massachusetts Supreme Judicial Court were the same as those raised in the Appeals Court. The respondent denies all other factual allegations contained in paragraph 9(e)(4)

of the petition. Further answering, the respondent refers this Court to its response to paragraph 9(d), above.

9(f).    Left blank by the petitioner.

10.    Left blank by the petitioner.

11.    Left blank by the petitioner.

12(A-B). The respondent denies each and every allegation of fact contained in paragraphs 12(A-B) of the petition for writ of habeas corpus. To the extent that paragraphs 12(A-B) of the petition contain conclusions of law, they require no response. Further answering, the respondent states that paragraphs 12(A-B) fail to state a claim upon which relief may be granted and that the petitioner has failed to exhaust the claims stated therein.

12(C-D).  Left blank by the petitioner.

13.    Left blank by the petitioner.

14.    The respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the petition for writ of habeas corpus and calls upon the petitioner to prove same.

15(a-e).  Admitted.

15(f-g).  The respondent states that the petitioner's statements in paragraph 15(f-g) are not responsive to the questions posed by the petition form for paragraphs 15(f-g). Further answering, the respondent admits that the petitioner's conviction was affirmed and that his appeal was denied.

16.    The respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the petition for writ of habeas corpus

3

and calls upon the petitioner to prove same.

17.    The respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the petition for writ of habeas corpus and calls upon the petitioner to prove same.

AS A FURTHER ANSWER to the petition for a writ of habeas corpus, the respondent anticipates filing a Supplemental Answer,[1] which will contain copies of the following documents:

1.    Docket Sheet, *Commonwealth v. Robert P. Goodrich*, Middlesex County Superior Court Criminal Action No. 2000-00018;

2.    Brief for the Defendant, *Commonwealth v. Robert P. Goodrich*, Massachusetts Appeals Court No. 2001-P-1462;

3.    Appendix for the Defendant, *Commonwealth v. Robert P. Goodrich*, Massachusetts Appeals Court No. 2001-P-1462;

4.    Brief for the Commonwealth, *Commonwealth v. Robert P. Goodrich*, Massachusetts Appeals Court No. 2001-P-1462;

5.    *Commonwealth v. Robert P. Goodrich*, 56 Mass. App. Ct. 1113 (2002)(table);

6.    Application for Further Appellate Review of Defendant-Appellant, *Commonwealth v. Robert P. Goodrich*, Supreme Judicial Court; and

7.    Denial of Application for Further Appellate Review, *Commonwealth v. Robert P.*

---

[1] The respondent has filed an assented-to motion to impound the Supplemental Answer, on the grounds that the Supplemental Answer contains grand jury materials which were impounded in the Massachusetts Appeals Court. The respondent anticipates filing its Supplemental Answer promptly upon receipt of the Court's order on this motion.

*Goodrich*, 438 Mass. 1107 (2003)(table).

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The petition fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The petition should be dismissed since it contains claims which were not presented to the

Massachusetts Supreme Judicial Court, and which were, therefore, not exhausted in the state

court.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL


Maura D. McLaughlin
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2857
BBO No. 634923

Dated: March 11, 2004

5

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon counsel for the petitioner, Robert P. Goodrich, on March 11, 2004, by depositing the copy in the office depository for collection and delivery by first-class mail, postage pre-paid, to Jill L. Brenner, Esq., counsel for the petitioner, Connelly, Conroy & Gelhaar, One Beacon Street, 33rd Floor, Boston, Massachusetts 02108.

Maura D. McLaughlin