UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT P. GOODRICH, )<br><br>Petitioner, )<br><br>v. )<br><br>TIM HALL, )<br><br>Respondent. ) | Civil Action No. 03-12541-NG |

## MEMORANDUM OF LAW IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the respondent, Tim Hall, respectfully submits this motion to dismiss the petition for writ of habeas corpus filed by the petitioner, Robert P. Goodrich, on the grounds that the petition fails to state a claim upon which relief may be granted.[1]  As grounds for this motion, and as set forth more fully herein, the petition for a writ of habeas corpus may not be granted because the petitioner has failed to exhaust the claims stated in his petition for a writ of habeas corpus, i.e., he has failed to present his claims to the state's highest court before bringing them in federal court.  Specifically, the petitioner's claims were never presented to the state court as federal constitutional claims. Moreover, the factual basis of one of the petitioner's claims was not presented to the SJC in any fashion.  Because the petitioner has not yet provided the state's highest court with the first

---

[1] In the event that this Court declines to dismiss the petition on the grounds set forth in this memorandum, the respondent reserved the right, and requests the opportunity, to address the merits of the claim in this petition.

opportunity to pass on the merits of these claims, the petition should be dismissed.  28 U.S.C. §

2254(b)-(c); *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

## BACKGROUND

### Prior Proceedings

On January 26, 2001, following a trial in the Middlesex County Superior Court, the

petitioner was found guilty of assault and battery by means of a dangerous weapon.[2]  *See* Docket

Sheet, contained in Supplemental Answer, filed herewith (hereinafter cited as "Supp. Ans.") as

Exhibit 1; *see also* Brief for the Commonwealth, *Commonwealth v. Robert P. Goodrich,* Supp.

Ans., Exhibit 4.

On January 29, 2001, the petitioner filed a Notice of Appeal in Superior Court,[3] and

subsequently filed a direct appeal with the Massachusetts Appeals Court. *See* Docket Sheet,

Supp. Ans., Ex. 1; *see also* Supp. Ans., Exs. 2-4.  In making this challenge to his conviction, the

petitioner relied almost exclusively on Massachusetts law. *See* Supp. Ans., Ex. 2.  The Appeals

Court affirmed the petitioner's conviction on December 5, 2002. *See Commonwealth v. Robert*

*P. Goodrich*, 56 Mass. App. Ct. 1113 (2002)(table), Supp. Ans. Ex. 5.  The petitioner filed an

application for further appellate review ("ALOFAR") with the Massachusetts Supreme Judicial

---

[2] The petitioner had also been indicted on the charge of being a habitual criminal subject
to the provisions of G.L. c. 279, § 25.  At the conclusion of the peitioner's trial, the
Commonwealth entered a nolle prosequi on the indictment charging the petitioner as a habitual
criminal.  *See* Brief of the Commonwealth, *Commonwealth v. Robert P. Goodrich,* Supp. Ans.,
Exhibit 4.

[3] On March 21, 2001, the petitioner filed a motion to revise and revoke his sentence. *See*
Docket Sheet, Supp. Ans., Ex. 1.  The Docket Sheet does not indicate when the Court ruled on
this motion. *See* Docket Sheet, Supp. Ans., Ex. 1.  However, the disposition of the motion to
revise and revoke the petitioner's sentence does not have any bearing on the issues addressed in
this memorandum.

Court ("SJC"). *See* Supp. Ans., Ex. 6.

As grounds for his ALOFAR, the petitioner argued that the trial court committed reversible error in denying the petitioner's motion to dismiss the indictment charging him with armed robbery. *See* Supp. Ans., Ex. 6, pp. 6-11.  The basis of the petitioner's argument was the claim that the Commonwealth had "doctored" the evidence presented to the grand jury, and the claim that the Commonwealth had "undermined the integrity of the grand jury by producing false evidence". *Id.*  The petitioner based his challenge almost exclusively on Massachusetts law. *See id.*  The ALOFAR's arguments focused exclusively on grand jury proceedings.

The SJC denied the petitioner's motion for further appellate review on January 22. 2003. *See Commonwealth v. Robert P. Goodrich,* 438 Mass. 1107 (2003)(table), Supp. Ans., Ex. 7.

### The Instant Federal Habeas Petition

The petitioner filed the instant motion for a writ of habeas corpus on December 17, 2003. In support of his petition, the petitioner claims that his constitutional rights were violated when the trial judge committed reversible error in failing to dismiss the charges against the petitioner on the grounds that a prosecution witness committed perjury (a) during grand jury proceedings and (b) at trial.

### ARGUMENT

### A.    Standard

The instant habeas petition should be denied because the petitioner has failed to exhaust his state court remedies.  It is well established that "a federal court should not consider questions posed in a habeas petition until the 'power of the highest state court in respect to such questions' has been exhausted." *Mele v. Fitchburg District Court,* 850 F.2d 817, 819 (1st Cir. 1988),

3

quoting *United States ex rel. Kennedy v. Tyler*, 269 U.S. 13, 17 (1925). *See also Rose v. Lundy*, 455 U.S. 509, 518-19 (1982); *Adelson v. DiPaola*, 131 F.3d 259, 261-62 (1st Cir. 1997); *Dougan v. Ponte*, 727 F.2d 199, 202 (1st Cir. 1984); 28 U.S.C. § 2254(b)(1)(A).  The longstanding exhaustion requirement[4], in addition to ensuring that state courts have the first opportunity to correct their own constitutional errors made in their proceedings, enables federal courts to accord appropriate respect to the sovereignty of the states and promotes comity by "minimiz[ing] friction between our federal and state systems of justice." *Rose*, 455 U.S. at 518.  *See also Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Ex parte Royall*, 117 U.S. 241, 251 (1886)(state and federal courts are "equally bound to guard and protect rights secured by the Constitution"); *Scarpa v. DuBois*, 38 F.3d 1, 6 (1st Cir. 1994), *cert. denied*, 513 U.S. 1129 (1995); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1984); *Mele*, 850 F.2d at 819.

It is the petitioner's heavy burden to demonstrate that his any federal errors in the state court proceedings were fairly presented to the state's highest court. *Nadworny v. Fair*, 872 F.2d 1093, 1098 (1st Cir. 1989).  In order to present a claim sufficiently for exhaustion purposes, "a petitioner must inform the state court of *both* the factual and legal underpinnings of the claim." *Scarpa*, 38 F.3d at 6 (emphasis added).  Further, in order for it to be said that the petitioner has exhausted his state remedies as to his federal habeas claims, he must have presented the state court with evidence of the federal nature of his claim, such as:

---

[4] The exhaustion requirement is codified at 28 U.S.C. §§ 2254(b) and (c), which preclude federal habeas review unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).  *See also Mele v. Fitchburg Dist. Ct.*, 850 F.2d 817, 819 (1st Cir. 1988).

"specific constitutional language, constitutional citation, appropriate federal precedent, substantive constitutional analogy, argument with no masking state-law character . . . such as would in all likelihood alert a reasonable jurist as to the existence of a federal question."

*Nadworny,* 872 F.2d at 1101. "The fewer the [federal] trappings that adorn a petitioner's state court filings, the less likely that [a federal court] will find his federal claim to have been exhausted." *Adelson*, 131 F.3d at 262.

**B.** **The Petitioner Cannot State an Actionable Claim for a Writ of Habeas Corpus, Since He Has Not First Presented the Federal Constitutional Nature of His Claims to the Massachusetts Supreme Judicial Court.**

Assuming that the each of the claims asserted in the petition for a writ of habeas corpus states a claim of federal constitutional violation, the petitioner has failed to bring these claims before the SJC. Since the petitioner did not present the constitutional basis of any claimed error in the trial court's decision to the state court, the petitioner's claims are not properly exhausted and should be dismissed.

To satisfy the exhaustion requirement, "the petitioner must have fairly presented the substance of his federal habeas claim to the state court before seeking federal habeas review." *Martens v. Shannon,* 836 F.2d 715, 717 (1st Cir. 1988), quoting *Gagne v. Fair,* 835 F.2d 6, 8 (1st Cir. 1987). *Accord Dougan*, 727 F.2d at 200. Exhaustion requires the petitioner to "fairly present . . . the issue" to "the state's highest tribunal." *Mele*, 850 F.2d at 820. In Massachusetts, "an appealed issue cannot be considered as having been fairly presented to the SJC for exhaustion purposes unless the applicant has raised it within the four corners of the ALOFAR." *Mele*, 850 F.2d at 823.

It is not sufficient for a petitioner to rest on a bare suggestion of a federal claim in his

ALOFAR; rather, the petitioner must set forth an analysis in his ALOFAR which is "likely to alert the court to the claim's federal nature." *Nadworny*, 872 F.2d at 1098, *quoting Daye v. Attorney General of New York*, 696 F.2d 186, 192 (2nd Cir. 1982)(en banc), *cert. denied*, 464 U.S. 1048 (1984).   It is not enough that all of the facts necessary to support the federal claim were before the state court, or that a somewhat similar state-law claim was made. *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 276-77 (1971). *See also Duncan*, 513 U.S. at 366. Rather, "the exhaustion requirement requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references [that] hint that a [federal] theory may be lurking in the woodwork will not turn the exhaustion trick." *Martens*, 836 F.2d at 717.

Here, the petitioner's ALOFAR contains no reference to a federal constitutional violation other than a reference to a possible "violation of Amendment XIV and Article XII of the Declaration of Rights" in two point headings in the ALOFAR. *See* Supp. Ans., Ex. 6. There is no analysis of this issue; instead, the petitioner "relied upon Massachusetts case law and debated the assignment of error exclusively in state law terms." *Adelson*, 131 F.3d at 263. The fact that he mentioned a constitutional amendment in two point headings in his ALOFAR does not preserve his claim, for courts have held that "the mere incantation of constitutional buzzwords, unaccompanied by any federal constitutional analysis, does not suffice to carry the burden of demonstrating fair presentment of a federal claim." *Adelson*, 131 F.3d at 263. *See also Gagne*, 835 F.2d at 8; *Dougan*, 72 F.2d at 201.  Accordingly, since no federal constitutional claim was ever raised in the petition presented to the SJC, Massachusetts' highest court, the habeas petition

contains unexhausted claims, and must, therefore, be dismissed. *See Rose*, 455 U.S. at 510, 518-19. *See also Picard*, 404 U.S. at 275 ("It would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation")(quoting *Darr v. Buford*, 339 U.S. 200, 204 (1950)).

## C.   The Petition Should Be Denied Because the Second Argument in the Petition Was Never Presented to the SJC in Any Form.

In his petition for a writ of habeas corpus, the petitioner now claims that his rights were violated when a prosecution witness presented perjured testimony at trial. This argument is developed for the first time in the petitioner's federal habeas corpus petition; the petitioner did not present the factual underpinnings of this argument to the state court. *See generally* Supp. Ans., Ex. 6.

To satisfy the exhaustion requirement, "the petitioner must have fairly presented the substance of his federal habeas claim to the state court before seeking federal habeas review." *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988), quoting *Gagne*, 835 F.2d at 7. *Accord Dougan*, 727 F.2d at 200. Exhaustion requires the petitioner to "fairly present . . . the issue" to "the state's highest tribunal." *Mele*, 850 F.2d at 820. In Massachusetts, "an appealed issue cannot be considered as having been fairly presented to the SJC for exhaustion purposes unless the applicant has raised it within the four corners of the ALOFAR." *Mele*, 850 F.2d at 823.

Moreover, every claim in a federal habeas petition must have been exhausted. *Rose*, 455 U.S. at 518-19. If a petition is "mixed" -- that is, contains both exhausted and unexhausted claims, it must be dismissed. *Id.*

Here, the second ground for the petition (i.e., a claim of perjured testimony at trial, rather

7

than before the grand jury) was never presented to the SJC, Massachusetts' highest court. The law is well-settled: "[t]he exhaustion requirement is not satisfied if a petitioner presents . . . new factual allegations in federal court that transform his claim or cast it in a significantly different light." *Domaingue v. Butterworth, et al.,* 641 F.2d 8, 12 (1st Cir. 1981). Since the petitioner never brought these claims to the SJC, they are not exhausted, and his petition must be dismissed. *See Martens v. Shannon,* 836 F.2d 715, 717 (1st Cir. 1988)("[F]ederal habeas oversight is not a freewheeling construct. It is dependent, among other things, upon all the claims asserted in the petition having been exhausted in the state courts").

## CONCLUSION

For the foregoing reasons, the respondent respectfully requests that this Court dismiss this habeas petition on the grounds that it contains unexhausted claims.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL


Maura D. McLaughlin
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2857
BBO No. 634923

Dated: March 11, 2004

8

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon counsel for the petitioner, Robert P. Goodrich, on March 11, 2004, by depositing the copy in the office depository for collection and delivery by first-class mail, postage pre-paid, to Jill L. Brenner, Esq., counsel for the petitioner, Connelly, Conroy & Gelhaar, One Beacon Street, 33rd Floor, Boston, Massachusetts 02108.

Maura D. McLaughlin